UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

KAMPARRI TRADING LIMITED, a
Cyprus limited company, FIESTA
CATERING INTERNATIONAL, LTD.,
an Anguilla limited company, and
CYTEK, LTD., an Anguilla limited company

        Plaintiffs,

v.

MATCH.COM, L.L.C.

        Defendant.

_____/

## COMPLAINT

    Plaintiffs, Kamparri Trading Limited ("Kamparri"), Fiesta Catering International, Ltd. ("Fiesta") and Cytek, Ltd. ("Cytek"), for their Complaint against Match.com, L.L.C. ("Match" or "Defendant"), allege as follows:

### Jurisdiction and Venue

    1.    This action arises out of an actual controversy commenced by Match wherein it is alleging that Kamparri, Fiesta and Cytek are infringing several of its trademarks, unfairly competing, and engaging in cyberpiracy, false designation of origin and false representation.

    2.    In this action, Kamparri, Fiesta and Cytek seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202.

3.     This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 2201-2202.

4.     This Court has personal jurisdiction over Match under Florida's long arm statute, §48.193, Fla.Stat. (2011), because: (i) Match is engaged in substantial and not isolated activity within Florida, and/or (ii) Match has caused injury to persons or property within Florida arising out of an act or omission by Match outside Florida and, at or about the time of the injury, the Match was engaged in solicitation or service activities within Florida.

5.     Venue is proper under 28 U.S.C. § 1391(b) and (c) given that Match is an entity with the capacity to sue and be sued under the applicable law, and is deemed to reside in this District because Match is subject to personal jurisdiction in this District with respect to this action.

### The Parties

6.     Plaintiff Kamparri is a limited company registered in Cyprus and having a registered place of business at 42 Dositheou, Strovolos, 2028, Cyprus.

7.     Plaintiff Fiesta is a limited company having a registered place of business at Babrow Building P.O. Box 371 The Valley in Anguilla.

8.     Plaintiff Cytek is a limited company having a registered place of business at Babrow Building P.O. Box 371 The Valley in Anguilla.

9.     Upon information and belief, Defendant Match.com is a limited liability company organized under the laws of the State of Delaware and having a principal place of business at 8300 Douglas Avenue, Suite 800, Dallas, Texas 75225.

**Kamparri's Domain Names**

10.     Kamparri   is   the   registrant   of   the   domain   names   "xxxmatch.com" and "eroticmatch.com" (hereinafter, the domain names "xxxmatch.com" and "eroticmatch.com" will be referred to collectively as the "XXX Domains").

11.     Kamparri registered, maintains its registrations for, and uses its XXX Domains in good faith.

12.     Kamparri has always provided accurate contact information to the Registar of its XXX Domains.

13.     The domain name registrar through which Kamparri has maintained its registration of the XXX Domains is Moniker Online Services, Inc., which at the time Match commenced this controversy, and until approximately two weeks ago, had its principal place of business in Pompano Beach, Florida.  A true and correct copy of the registration data for the XXX Domains is attached hereto as Exhibits A-B.

14.     Neither Kamparri nor Fiesta operates the websites located at the XXX Domains.

15.     Instead, Kamparri licenses the use of the XXX Domains to Cytek, which uses them in operating websites through which it offers adult-oriented, online dating services in the nature of casual, sexual encounters to consenting adults over eighteen years of age in compliance with all regulations relating to the offering of adult-oriented content.

16.     Kamparri and Cytek have continually believed, and have had reasonable grounds to believe, that their use of the XXX Domains was a fair use or otherwise lawful because the

3

term "match" is generic and a mere abbreviation of the term "matchmaking" and cannot be reserved to the exclusive use of a single entity in the marketplace.

17.     Kamparri and Cytek had and have no intent to divert consumers from Defendant's online location to any websites located at the XXX Domains either for commercial gain or with the intent to tarnish or disparage Defendant's marks by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

### Fiesta's Trademarks

18.     Fiesta owns the federally registered trademark "EROTICMATCH®."

19.     The United States Patent and Trademark Office ("USPTO") has issued Certificate of Registration No. 4,105,390 for Fiesta's EROTICMATCH® trademark.  A true and correct copy of the USPTO Certificate of Registration for EROTICMATCH® is attached hereto as Exhibit C.

20.     Fiesta licenses the use of its EROTICMATCH® trademark to Cytek.

21.     Cytek first used Fiesta's EROTICMATCH® trademark in commerce at least as early as March 28, 2011 in connection with adult-oriented, online dating services in the nature of casual, sexual encounters.

22.     Fiesta also owns the common law trademark "XXXMATCH.COM$^{TM}$" for which it has a pending application, having the serial number 85211248, for a certificate of registration with the USPTO.   A true and correct copy of the application for registration of XXXMATCH.COM$^{TM}$ is attached hereto as Exhibit D.

23.     Fiesta also licenses the use of its XXXMATCH.COM™ trademark to Cytek.

24.     Cytek first used Fiesta's XXXMATCH.COM™ trademark in commerce at least as early as November 26, 2009 in connection with adult-oriented, online dating services in the nature of casual, sexual encounters.  Thus, for at least two and a half (2½) years, Cytek has offered adult-oriented, online dating services without objection from Defendant Match.com.

25.     Upon information and belief, consumers of adult-oriented, online dating services in the nature of casual, sexual encounters are distinctly different in nature than consumers of traditional, relationship-oriented online dating services.

26.     Neither Kamparri, Fiesta nor Cytek offer or compete in the market of traditional, relationship-oriented online dating services.

27.     Likewise, Cytek does not advertise its adult-oriented, online dating services in the nature of casual, sexual encounters through traditional media such as print publications, television and radio.

**Defendant's Threats to Plaintiffs' Property**

28.     On or about May 26, 2011, Defendant Match filed an opposition proceeding (no. 91199991) before the Trademark Trial and Appeal Board ("TTAB") of the USPTO against Fiesta's pending application no. 85211248 to register its XXXMATCH.COM™ trademark (the "XXX-TTAB Proceeding").

29.     The parties stipulated to a suspension of the XXX-TTAB Proceeding on March 1, 2012 in order to engage in settlement negotiations.

30.     On April 2, 2012, Match filed an action (case no. 12-cv-00363) against Kamparri, Fiesta, Cytek, and the XXX Domains in the Eastern District of Virginia for trademark infringement, unfair competition, cyberpiracy, false designation of origin and false representation pursuant to 15 U.S.C. §1051, *et seq.* (the "E.D. Va. Action").  However, Match has not served any of the parties to the E.D. Va. Action.

31.     Nevertheless, on June 27, 2012, Match requested a further suspension of the XXX-TTAB Proceeding pending disposition of its E.D. Va. Action against Fiesta. As a result, the XXX-TTAB Proceeding is currently suspended, and Fiesta's application for federal registration of XXXMATCH.COM$^{TM}$ is, effectively, on hold and cannot progress.

32.     In the E.D. Va. Action, Match has alleged that consumers associate "goods or services branded with the name 'MATCH' as emanating from, or being sponsored by" it. Thus, Match is claiming that it owns exclusive rights over the term "MATCH".

33.     Match has based its E.D. Va. Action on its alleged ownership the following "family" of purported "MATCH" trademarks:

- MY MATCH$^{TM}$;

- MATCHMOBILE$^{TM}$;

- MATCH.COM PLATINUM$^{®}$ for "Computer dating services; Dating services; Internet based social networking, introduction, and dating services; Matchmaking services" in International Class 45, having registration no. 3,323,423;

- MATCH.COM$^{®}$ for "computer services, namely, providing information regarding, and in the nature of, on-line dating and introduction services" in International Class 42, having registration no. 2,088,545;

- MATCH TALK® for "Telecommunications services, namely, personal communication services" in International Class 38, having registration no. 3,206,334;

- MATCHWORDS® for "Computer services, namely, providing information regarding, and in the nature of, on-line dating, search and introduction services" in International Class 45, having registration no. 3,299,484;

- MATCH.COM MAKE LOVE HAPPEN & Design® for "Computer services, namely, providing information in the nature of on-line dating and on-line introduction services" in International Class 45, having registration no. 3,518,254; and

- LOVE IS COMPLICATED. MATCH.COM IS SIMPLE® for "Computer services, namely, providing information regarding, and in the nature of, on-line dating and introduction services" in International Class 45, having registration no. 3,518,165;

(Match refers to the above marks, collectively, as the "Match Marks").

34.     Upon information and belief, some or all of the Match Marks are invalid, not distinctive and not enforceable due to their generic nature.

35.     Upon information and belief, Match has abandoned some or all of the Match Marks and, therefore, they are not enforceable;

36.     Upon information and belief, none of the Match Marks are famous among the general consuming public of the United States.

37.     Upon information and belief, Match does not offer or compete in the market of adult-oriented, online dating services in the nature of casual, sexual encounters.

38.     Upon information and belief, Match advertises its traditional, relationship-oriented online dating services through traditional media such as print publications, television and radio.

39.     In the E.D.Va. Action, Match is seeking, *inter alia*, to permanently enjoin Kamparri, Fiesta and Cytek from using the names MATCH, XXXMATCH, or EROTICMATCH

(all with or without a domain extension), to have any registration owned by Fiesta "for any 'MATCH' mark (including U.S. Reg. No. 4,105,390 for EROTICMATCH) be ordered cancelled, an order forcing Fiesta to abandon its application to register XXXMATCH.COM™, and to have the XXX Domains transferred from Kamparri to the Defendant.

40.     Neither Kamparri nor Cytek uses the XXX Domains in a manner that is likely to cause confusion among consumers as to the source, sponsorship or association of the adult-oriented, online dating services in the nature of casual, sexual encounters that are offered through the websites located thereupon in relation to Defendant Match and/or the Match Marks.

41.     Neither     Fiesta     nor     Cytek     uses     the     EROTICMATCH® and/or XXXMATCH.COM™ trademarks in a manner that is likely to cause confusion among consumers as to the source, sponsorship or association of the adult-oriented, online dating services in the nature of casual, sexual encounters that are offered through the websites located upon the XXX Domains in relation to Match and/or the Match Marks.

42.     All conditions precedent to the maintenance of this action have either been waived, excused, performed or have occurred.

## FIRST CAUSE OF ACTION

*Declaratory Relief Pursuant to 28 U.S.C. § 2201*

43.     Plaintiffs restate and reallege each and every allegation within Paragraphs 1 through 42 as though they are fully set forth in this Paragraph.

44.     As set forth above, an actual case or controversy exists over which this Court has jurisdiction and may make a declaration regarding the rights and legal relations of the Parties

with the respect to the XXX Domains, the EROTICMATCH® trademark, the XXXMATCH.COM™ trademark, and the Match Marks.

45.     Plaintiffs request a declaration regarding the rights and legal relations of the Parties with the respect to the XXX Domains, the EROTICMATCH® trademark, the XXXMATCH.COM™ trademark, and the Match Marks, as further specified in the Prayer for Relief set forth below.

46.     Plaintiffs are entitled to all appropriate remedies available under 28 U.S.C. §§ 2201-2202, as well as under 15 U.S.C. § 1051, *et seq.*, including but not limited to a declaration of the Parties' respective rights and injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for an Order and Judgment as follows:

A.      That the Court declare that Fiesta's EROTICMATCH® trademark does not infringe or dilute any of the Match Marks, and is not being used by Cytek in a manner to falsely designate goods or services or otherwise to make false representations;

B.      That the Court declare that Fiesta's XXXMATCH.COM™ trademark does not infringe or dilute any of the Match Marks, and is not being used by Cytek in a manner to falsely designate goods or services or otherwise to make false representations;

C.      That the Court enjoin Match from proceeding with the XXX-TTAB Proceeding and order Match to voluntarily dismiss the XXX-TTAB Proceeding with prejudice;

D.      That the Court declare that neither Kamparri nor Cytek has registered, maintained and/or used the "xxxmatch.com" domain name in bad faith and that, therefore, neither Kamparri nor Cytek have engaged in cyberpiracy in violation of 15 U.S.C. §1125(d);

E.      That the Court declare that neither Kamparri nor Cytek have registered, maintained and/or used the "eroticmatch.com" domain name in bad faith and that, therefore, neither Kamparri nor Cytek have engaged in cyberpiracy in violation of 15 U.S.C. §1125(d);

F.      That the Court declare that neither Kamparri, Fiesta nor Cytek is unfairly competing with Match through the use of the XXX Domains, the EROTICMATCH® trademark and/or the XXXMATCH.COM™ trademark;

G.      That the Court enjoin the Defendant from proceeding with the E.D. Va. Action and order Match to voluntarily dismiss the E.D. Va. Action with prejudice;

H.      That the Court grant Plaintiffs their reasonable attorneys fees, costs and expenses incurred in this actual case and controversy pursuant to 15 U.S.C. § 1117(a); and

I.      That the Court grant Plaintiffs such other and further relief as is just and proper.

Dated: October 1, 2012                         Respectfully submitted,

                                               **FELDMAN GALE, P.A.**
                                               *Counsel for Plaintiff*
                                               One Biscayne Tower, 30th Floor
                                               2 South Biscayne Boulevard
                                               Miami, Florida 33131
                                               Telephone:  (305) 358-5001
                                               Facsimile:   (305) 358-3309

                                               By: /s   Susan J. Latham
                                                   Jeffrey D. Feldman / Fla. Bar no. 330302
                                                   e-mail: jfeldman@feldmangale.com
                                                   Susan J. Latham / Fla. Bar no. 687391
                                                   e-mail: slatham@feldmangale.com